IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHERRI SICKELS,                                    )
                                                   )
         Plaintiff,                                )
                                                   )
v.                                                 )        Case No. _____
                                                   )
DENIS MCDONOUGH, SECRETARY,                        )
DEPARTMENT OF VETERANS                             )
AFFAIRS,                                           )
                                                   )
         Defendant.                                )

## COMPLAINT

COMES NOW Plaintiff, Sherri Sickels, by and through her attorneys, Cates Mahoney, LLC, and for her Complaint against Defendant, Denis McDonough, Secretary, Department of Veterans Affairs, states as follows:

## PARTIES

1.      At all times relevant herein, Sherri Sickels was a resident of Randolph County, State of Illinois.

2.      Defendant, Denis McDonough, is the Secretary of the Department of Veterans Affairs, and is responsible for the operation and management of the Department of Veterans Affairs.

3.      At all times relevant herein, Defendant, was an official, employee or agent of the Unites States government acting under the color of federal law.

4.      At all times relevant herein, the Department of Veterans Affairs ("VA"), is an agency of the United States of America with branches throughout the State of Missouri.

## JURISDICTION & VENUE

5.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this is a civil action arising under the laws of the United States.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims herein occurred in the Eastern District of Missouri.

## GENERAL ALLEGATIONS

7.      At all times relevant herein, Defendant, operated the VA St. Louis Health Care System located at 1 Jefferson Barracks Drive, St. Louis, Missouri 63125 ("St. Louis Facility").

8.      At all times relevant herein, Plaintiff was working as an electrician for Defendant at the St. Louis Facility, and Defendant was Plaintiff's direct employer at the time of the events alleged herein.

9.      At all times relevant herein, Plaintiff, was employed by Defendant, as a WG-08 electrician and Defendant and his agents had the direct ability to hire and fire Plaintiff.

10.     At all times relevant herein, Defendant was acting within the course and scope of her employment with the VA.

## COUNT I

### Violation of Title VII of the Civil Rights Act of 1964 – Sexual Harassment
### Sherri Sickels v. Defendant, Denis McDonough, Secretary, Department of Veterans Affairs

COMES NOW Plaintiff, Sherri Sickels, by and through her attorneys, Cates Mahoney, LLC, and for Count I of her Complaint against Defendant, Defendant, Denis McDonough, Secretary, Department of Veterans Affairs, states as follows:

11.     Plaintiff hereby incorporates Paragraphs 1 through 10 herein as though fully set forth hereunder.

12.     On or about April 10, 2014, Plaintiff was hired by Defendant to work at the St. Louis Facility as a WG-08 electrician for Defendant.

13.     At work in Plaintiff's presence, Plaintiff's fellow employees and supervisors began to make sexually suggestive comments and sexually derogatory terms towards Plaintiff based upon her status as a transgendered person.

14.     At or about this time, Defendant, and their agents and employees made numerous derogatory statements regarding Plaintiff and her status as a transgendered person.

15.     Plaintiff informed Defendant that such inappropriate sexual comments and statements were unwelcome and needed to cease immediately.

16.     Despite Plaintiff's rejections and appeals for civility, Defendant and their agents and employees (including direct supervisors) continued the inappropriate sexual comments and sexually derogatory statements directed towards Plaintiff with regards to her status as a transgendered person.

17.     Sexually harassing comments and acts began to be directed towards Plaintiff by her fellow employees and supervisors despite her requests that they cease.

18.     On or about May 13, 2020, Defendant became aware of an opening for a WG-10 vacancy.

19.     Nonetheless, Plaintiff was denied an interview for said position despite the fact that she was told by several senior employees that she scored at the absolute top of all candidates during her Subject Matter Expert ("SME") screening process.

20.     At all times relevant herein, Defendant's actions had created a hostile work environment as Plaintiff was forced to endure these inappropriate, offensive and pervasive sexual comments and acts on an ongoing basis when she would work at the St. Louis Facility.

21.     On or about June 25, 2020, immediately following the aforementioned incident, Plaintiff was informed that she did not receive the WG-10 position despite being overly qualified for the position as a direct and proximate result of the ongoing sexual harassment, discrimination, offensive sexual conduct, and hostile work environment.

22.     At no time did Plaintiff consent to the aforementioned sexual advances, sexual harassment or conduct by Defendant, and at no time was any of the intentional and unlawful conduct set forth herein justified.

23.     Defendant, thereby acting in a managerial capacity at the time of the aforementioned conduct, was acting as the alter ego of Defendant, VA.

24.     The aforementioned conduct altered the terms and conditions of Plaintiff's employment.

25.     The effect of the practice(s) complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee because of her status as a transgendered person.

26.     Plaintiff was even tasked by Defendant with helping to train the new hire for the WG-10 position because he was unprepared for his new role.

27.     The unlawful employment practices complained of above were intentional.

28.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the statutorily protected rights of Plaintiff.

29.     At all times relevant herein, Defendant, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

30.     Based on the extreme and outrageous conduct outline above, Defendant, as agent and employee of Defendant, VA, sexually harassed and discriminated against Plaintiff, and as a result of Defendant's managerial capacity, Defendant, has violated Title VII of the Civil Rights Act of 1964.

31.     As a direct and proximate result of the aforesaid acts, Plaintiff was discriminated against in the terms of her employment on the basis of her status as a transgendered person by Defendant, the alter ego of Defendant, VA, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a).

32.     As a result of Defendant's managerial capacity, Defendant, has violated Title VII of the Civil Rights Act of 1964, and is liable to Plaintiff for damages she suffered.

33.     Further, upon information and belief, prior to Defendant's aforementioned conduct towards Plaintiff, Defendant, was aware of prior acts of sexual harassment towards Plaintiff as a transgendered employee, and despite that knowledge, failed to take appropriate corrective action to end the acts of sexual harassment and discrimination  by Defendant, and as a result of the above knowledge and conduct of Defendant, has violated Title VII of the Civil Rights Act of 1964, and is liable to Plaintiff for damages she suffered as a result of its inaction in the face of knowledge of the conduct complained.

34.     Prior to the institution of this lawsuit, Plaintiff filed a charge with the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights alleging violations of Title VII by Defendant and therefore, all conditions precedent to the institution of this lawsuit have been fulfilled.

35.     As a further direct and proximate result of Defendants' violation of Title VII of the Civil Rights Act of 1964, Plaintiff was forced to endure multiple acts of sexual harassment and

discrimination by Defendant. Based upon her status as a transgendered person, Plaintiff has suffered severe emotional distress, she has lost wages and benefits she would have otherwise received, but for the sexual harassment and constructive discharge; and may suffer such loss of wages and benefits in the future; she has experienced severe mental anguish, depression, and emotional distress in the past and may continue to suffer the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Sherri Sickels, requests that judgment be entered on her behalf against Denis McDonough, the Secretary of the Department of Veterans Affairs, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, and for costs of suit and attorneys' fees.

### COUNT II
### Violation of Title VII of the Civil Rights Act of 1964 – Retaliation
### Sherri Sickels v. Denis McDonough, is the Secretary of the Department of Veterans Affairs

COMES NOW Plaintiff, Sherri Sickels, by and through her attorneys, Cates Mahoney, LLC, and for Count II of her Complaint against Defendant, Denis McDonough, Secretary of the Department of Veterans Affairs, states as follows:

11.    Alternatively, Plaintiff sets for these facts as described in more detail below.

12.    Plaintiff hereby incorporates Paragraphs 1 through 35 herein as though fully set forth hereunder.

13.    On or about April 10, 2014, Plaintiff was hired by Defendant to work at the St. Louis Facility as a WG-08 electrician for Defendant.

14.     On or about January 3, 2019, Plaintiff began applying for the WG-10 electrician position with Defendant despite having the required work experience and skills required to perform said position.

15.     At or about this time, Defendant's employees, agents, and supervisors began taking part in discrimination and harassment of Plaintiff.

16.     Plaintiff informed Defendant that the inappropriate sexual comments, and statements were unwelcome and needed to cease immediately.

17.     Despite Plaintiff's rejections, Defendant continued the inappropriate sexual comments and advances.

18.     Shortly after such treatment by Defendant and their agents and supervisors, Plaintiff filed the appropriate charges of discrimination with the EEOC and ORM.

19.     Said discrimination did not stop and continued in open displays with Defendant's agents and supervisors.

20.     At all times relevant herein, Defendant's actions had created a hostile work environment including Plaintiff's supervisors at the St. Louis Facility, and Plaintiff was forced to endure the inappropriate, offensive and pervasive sexual comments and acts on an ongoing basis when she would work at the St. Louis Facility.

21.     On or about May through September 2018 through May 2019 Plaintiff initiated charges against Defendant for their rejection of Plaintiff obtaining said positions as a WG-10 based upon her status as a transgendered person that were filed with the EEOC and ORM.

22.     Defendant became immediately aware of said charges filed with the EEOC and ORM from Plaintiff.

23. Thus, Defendant used these charges to further discriminate against Plaintiff from receiving the position as a WG-10 for the job on or about May 13, 2020.

24. The aforementioned conduct was related to Plaintiff, and was allowed by management to continue, and ultimately resulted in the Plaintiff being non-selected for the WG-10 job that became available on May 13, 2020.

25. The aforementioned conduct altered the terms and conditions of Plaintiff's employment.

26. The effect of the practice(s) complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

27. The unlawful employment practices complained of above were intentional.

28. The unlawful employment practices complained of above were done with malice or with reckless indifference to the statutorily protected rights of Plaintiff.

29. At all times relevant herein, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

30. As a direct and proximate result of the aforesaid acts, Plaintiff was discriminated against in the terms of her employment on the basis of her status as a transgendered person and in retaliation for the filing of her previous charge of discrimination with the EEOC and ORM by Defendant, the alter ego of Defendant, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a).

31. As a result, Defendant has violated Title VII of the Civil Rights Act of 1964, and is liable to Plaintiff for damages she suffered.

32.     Prior to the institution of this lawsuit, Plaintiff filed a charge with the Equal Employment Opportunity Commission alleging violations of Title VII by Defendant, and therefore, all conditions precedent to the institution of this lawsuit have been fulfilled.

33.     As a further direct and proximate result of Defendants' violation of Title VII of the Civil Rights Act of 1964, Plaintiff was forced to endure multiple acts of sexual harassment and discrimination by Defendant.  Based upon her status as a transgendered person, Plaintiff has suffered severe emotional distress, she has lost wages and benefits she would have otherwise received, but for the sexual harassment and constructive discharge; and may suffer such loss of wages and benefits in the future; she has experienced severe mental anguish, depression, and emotional distress in the past and may continue to suffer the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage

WHEREFORE, Plaintiff, Sherri Sickels, requests that judgment be entered on her behalf against Defendant, Denis McDonough, the Secretary of the Department of Veterans Affairs, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, and for costs of suit and attorneys' fees.

Respectfully Submitted,

By: /s/ Ryan J. Mahoney
Ryan J. Mahoney #61489 (MO)
CATES MAHONEY, LLC
216 West Pointe Drive, Suite A
Swansea, IL  62226
Telephone:     618-277-3644
Facsimile:      618-277-7882
Email:          rmahoney@cateslaw.com
**Attorneys for Plaintiff**