# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHERRI SICKELS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:21-CV-00963-JAR ) |
| DENIS MCDONOUGH, Secretary of the Department of Veterans Affairs, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM & ORDER

This matter is before the Court on Defendant's Motion for Ruling on Waiver of Attorney-Client Privilege and/or Work Product Privilege. (ECF No. 37). For the reasons that follow, Defendant's motion is granted.

## BACKGROUND

Plaintiff Sherri Sickels was an employee of Defendant Department of Veteran Affairs. She brings this action against Defendant for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964. During discovery, Sickels propounded on Defendant interrogatories and requests for production seeking email communications and other electronically stored information ("ESI") related to her claims. The potentially responsive items included approximately 20 emails between Sickels and her counsel or her counsel's staff. Defendant's counsel promptly sequestered those communications from her review and notified Sickels's counsel that she has possession of the potentially privileged communications. After meeting and conferring, counsel were unable to agree on whether the documents were protected by any privilege.

Because Defendant's policies state that employees do not have an expectation of privacy when using their work email accounts or computer systems and that such systems are monitored, Sickels received annual training to that effect, and Sickels nonetheless used her work email to communicate with her attorneys, Defendant claims that Sickels waived the attorney-client privilege for those communications and any work product privilege for documents that were attached to those communications or saved on her VA electronic file system.  Sickels has not responded to Defendant's motion.

## DISCUSSION

Federal common law governs whether the disputed documents are protected by attorney-client or work product privileges.  Fed. R. Evid. 501.  As the party ostensibly claiming the benefits of the privileges, Sickels bears the burden of establishing the right to invoke their protection.  *See Hollins v. Powell*, 733 F.2d 191, 196 (8th Cir. 1985).  She has not done so.  She has not responded to Defendant's motion or otherwise demonstrated that the documents are privileged.

Even if she had responded, Defendants show that Sickels waived any attorney-client privilege.  The attorney-client privilege protects confidential communications between an attorney and a client from disclosure.  *United States v. Ivers*, 967 F.3d 709, 715 (8th Cir. 2020).  But the communications must be *confidential*—that is, the client must reasonably expect that the communications would remain private.  *United States v. Hatcher*, 323 F.3d 666, 674 (8th Cir. 2003) (presence of prison recording device destroyed inmate's expectation that statements to attorney would remain private).  In the context of communications on an employer's computer systems, "the majority of courts have found that an employee has no reasonable expectation of privacy in workplace e-mails when the employer's policy limits personal use or otherwise

restricts employees' use of its system and notifies employees of its policy." *Bingham v. Baycare Health Sys.*, No. 8:14-CV-73-T-23JSS, 2016 WL 3917513, at *4 (M.D. Fla. July 20, 2016) (collecting cases).

Defendant has proffered evidence that Sickels did not have a reasonable expectation of privacy on her work computer.  Defendant's policies limit use of government office equipment for personal use.  And they explicitly state:

- "VA employees do not have a right, nor should they have an expectation of privacy while using any Government office equipment at any time, including accessing the World Wide Web or using E-mail." (ECF 38-1 at p. 5).

- "To the extent that employees wish that their private activities remain private, they should avoid using any Government office equipment including their computer, the World Wide Web, and Email." (*Id.* at pp. 5-6).

- "System managers do employ monitoring tools to detect improper use. Electronic communications may be disclosed within the Department to employees who have a need to know in the performance of their duties.  VA management officials may access any electronic communications." (*Id.* at p. 6).

- "All use is considered to constitute understanding and acceptance that there is no reasonable expectation of privacy for any data or transmissions on government network or systems. . . . All VA Internet and Intranet Web sites and pages are actively monitored." (ECF 38-2 at p. 49).

Defendant also provided evidence that it requires employees to acknowledge that their activity is not private through a security warning banner every time they login and access their account on a VA computer system.  (ECF Nos. 38-3, 38-5).  It provides annual training about these policies. (ECF No. 38-5).  Sickels has undergone this training since she began her employment with the VA in 2012.  (ECF No. 38-6 at p. 6).  And Sickels was warned in April 2018 not to use Defendant's instant messaging system for anything that she wanted to keep private.  (ECF No.

38-7). This evidence shows that Sickels had no expectation of privacy on her email account and server. The disputed communications are therefore not protected by the attorney-client privilege.

Any email attachments are not protected by work product doctrine either. The work product doctrine is distinct from and broader than the attorney-client privilege. *In re Green Grand Jury Proc.*, 492 F.3d 976, 980 (8th Cir. 2007). It "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975). It may therefore be invoked by either the attorney or the client. *In re Green Grand Jury Proc.*, 492 F.3d at 980. But again, the party invoking the privilege must demonstrate its applicability. And neither Sickels nor her counsel have attempted to claim work product privilege or show that the documents attached to the emails were prepared in anticipation of litigation. *See* Fed. R. Civ. P. 26(b)(3) ("[A] party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative.").

Because Sickels has not shown that the documents at issue are protected by any privilege, the Court will grant Defendant's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion For Ruling On Waiver of Attorney-Client Privilege and/or Work Product Privilege [ECF No. 37] is **GRANTED**. To the extent that the documents identified in Defendant's motion may have been subject to a privilege, that privilege has been waived.

Dated this 9th day of November 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE